## ARTHUR ACKERMAN LIGHTERAGE CO. v. CITY OF NEW YORK.

(Circuit Court of Appeals, Second Circuit. February 15, 1916.)

### No. 157.

COLLISION ☞71(3)—SUBMERGED CATAMARAN—FAILURE TO GIVE WARNING.

The owner of a catamaran, so loaded with piles that some of them extended beyond the others into a slip under the water, *held* liable for injury to a tug by striking the same without notice or knowledge of the obstruction.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 101; Dec. Dig. ☞71(3).]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty for collision by the Arthur Ackerman Lighterage Company against the City of New York. Decree for libelant, and respondent appeals. Affirmed.

On appeal from awarding damages to the libelant for injuries sustained by its tugboat, Peter L. Colon, occasioned by a collision with the submerged portion of a catamaran belonging to the city of New York.

Lamar Hardy, of New York City (Terence Farley, E. Crosby Kindleberger, and George P. Nicholson, all of New York City, of counsel), for appellant.

Frederick W. Park, of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge.   A misleading and imperfect map of the locus in quo is found in the record which, after being altered by consent of counsel, sufficiently shows the place of collision and the reason therefor.   The tugboat Colon was proceeding up the East River on a strong flood tide destined for her slip south of Pier No. 36.   In order to make the turn safely it was necessary to go a short distance above the slip.   While rounding to and before she got straightened out she struck the submerged portion of a loaded catamaran which was lying on the south side of the pier about 80 feet from the end.   It is evident that the catamaran was so loaded that the ends of some of the submerged piles extended outwardly and that they very materially circumscribed the theater of operation.   They made dangerous a part of the slip which, apparently, was free from danger.   This being so, it was clearly the duty of the city to have some one at the pier to warn entering vessels of the danger, or, at least, it should have placed a signal there for that purpose.   We are unable to find any negligence in the navigation of the Colon.   Her master seeing nothing above the water to indicate that there was hidden danger beneath it, proceeded to enter in the ordinary way and struck a hidden object—unquestionably a projecting pile—of which he had received no notice and the presence of which he had no reason to suspect.   The usual length of these logs is about 50 feet, but it appears that there were about 20 logs on this catamaran which were 70 feet long.   These logs would, even if loaded properly, project about 10 feet from the bulk of the cargo.   There was nothing, however, to warn the master of the tug of these projections.   The damage was done because he was given no warning of a submerged obstruction when he was clearly entitled to such notice.

The decree is affirmed with interest and costs.